UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLAND,<br><br>        Plaintiff,<br><br>    v.<br><br>J. PEDERSEN, et al.,<br><br>        Defendants. | Case No. 1:20-cv-00793-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS**<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

    Plaintiff Joshua Bland, a state prisoner, initiated this action on June 8, 2020. (Doc. 1.) On June 10, 2020, the Court granted Plaintiff's application to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. (Doc. 4.) Because Plaintiff accrued three "strikes" under section 1915(g) before initiating this action and fails to show that he was in imminent danger of serious physical injury at the time he filed suit, the Court recommends that his IFP status be revoked.

**I.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

    28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides, "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II. DISCUSSION

The Court takes judicial notice of three of Plaintiff's prior lawsuits that were dismissed for failure to state a claim on which relief can be granted:[1] (1) *Bland v. Cal. Dept. of Corrections & Rehabilitation, et al.*, No. 1:18-cv-01357-LJO-EPG (E.D. Cal. May 2, 2019); (2) *Bland v. Brown, et al.*, No. 1:18-cv-01358-AWI-JDP (E.D. Cal. July 11, 2019); (3) *Bland v. Clark, et al.*, No. 1:19-cv-00197-DAD-BAM (E.D. Cal. April 17, 2020). These cases were dismissed before Plaintiff initiated the current action on June 8, 2020. Plaintiff is therefore precluded from proceeding *in forma pauperis* in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

The first two claims in Plaintiff's complaint concern the alleged deprivation of Plaintiff's property without due process in July 2018. (*See* Doc. 1 at 3, 4.) The third claim concerns alleged threats by two unknown correctional officers in April 2020.[2] (*See id.* at 5.) Plaintiff's allegations do not show that he was under imminent danger of serious physical injury at the time he filed his complaint.

## III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court DIRECTS the Clerk of the Court to assign a district judge to this action and RECOMMENDS that:

1. Plaintiff's *in forma pauperis* status be REVOKED;
2. The court order granting Plaintiff's motion to proceed *in forma pauperis* and directing the director of the California Department of Corrections and Rehabilitation or his designee to collect payments for the filing fee from Plaintiff's inmate trust account (Doc. 4) be VACATED; and,
3. Plaintiff be required to pay the $400 filing fee in full within 30 days to proceed in this action.

///

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] The Court also finds that Claims 1-2 and Claim 3 are unrelated for purposes of Federal Rules of Civil Procedure 18 and 20. The defendants in Claims 1-2 and the (unknown) defendants in Claim 3 are therefore misjoined.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 5, 2020**                    /s/ *Sheila K. Oberto*
                                                                         UNITED STATES MAGISTRATE JUDGE